JWC 9/5/9
CPDEF/S
CPD

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS | (8/01/08) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 09 L 3962

ROMEO RIVERA, as Special Administrator
_____
(Name all parties)

v.

CITY OF CHICAGO and P.O. JORGE MARTINEZ #14377

serve City Clerk, 121 N LaSalle st
Chicago, IL 60602

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ☒ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602
- ☐ District 2 - Skokie, 5600 Old Orchard Rd., Skokie, IL 60077
- ☐ District 3 - Rolling Meadows, 2121 Euclid, Rolling Meadows, IL 60008
- ☐ District 4 - Maywood, 1500 Maybrook Ave., Maywood, IL 60153
- ☐ District 5 - Bridgeview, 10220 S. 76th Ave., Bridgeview, IL 60455
- ☐ District 6 - Markham, 16501 S. Kedzie Pkwy., Markham, IL 60426
- ☐ Child Support, 28 North Clark St., Room 200, Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

AUG 3 1 2009

Atty. No.: 00339
Name: Kenneth N. Flaxman
Atty. for: Plaintiff
Address: 200 s Michigan Ave Ste 1240
City/State/Zip: Chicago, IL 60604
Telephone: (312) 427-3200

WITNESS, _____,

Clerk of Court
Date of service: 9/8/09
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: (312) 427-3930
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (8/01/08) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 09 L 3962

ROMEO RIVERA, as Special Administrator
(Name all parties)
v.
CITY OF CHICAGO and P.O. JORGE MARTINEZ #14377

serve City Clerk, 121 N LaSalle st
Chicago, IL 60602

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

AUG 3 1 2009

Atty. No.: 00339
Name: Kenneth N. Flaxman
Atty. for: Plaintiff
Address: 200 s Michigan Ave Ste 1240
City/State/Zip: Chicago, IL 60604
Telephone: (312) 427-3200

WITNESS, DOROTHY BROWN,
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: (312) 427-3930
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROMEO RIVERA, as Special Administrator of the Estate of MIGUEL AlFARO, deceased, | )<br>)<br>)<br>) |
| *Plaintiff,* | )<br>) |
| -vs- | ) No. 09 L 3962<br>) |
| CITY OF CHICAGO and P.O. JORGE A. MARTINEZ, #14377, | )<br>)<br>) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. Plaintiff ROMEO RIVERA is the duly appointed special administrator for the estate of Miguel Angel Rivera Alfaro, who died on December 4, 2008 as the result of a bullet fired into the back of his neck.

2. Defendant CITY OF CHICAGO is an Illinois municipal corporation, and is the employer of defendant JORGE A. MARTINEZ, star number 14377 who fired the bullet into the back of the neck of plaintiff's decedent.

3. Defendant MARTINEZ was at all times relevant acting within the scope of his employment as a Chicago police officer.

4. Plaintiff seeks to impose liability on defendant CITY under the doctrine of respondeat superior.

5. On or about November 2, 2008, plaintiff's decedent was shot in the back of his neck by defendant MARTINEZ.

6. At the time he shot plaintiff's decedent, defendant MARTINEZ was not reasonably justified in using force likely to cause death or great bodily harm, nor was he justified in reasonably believing that deadly force was necessary to prevent death or great bodily harm to him, or to another person.

7. At the time he shot plaintiff's decedent, defendant MARTINEZ was not reasonably justified in believing that deadly force was necessary to prevent an arrest from being defeated by resistance or escape in that it was not reasonable to believe that Alfaro had committed or attempted to commit a felony which involved the use ore threatened use of physical force likely to cause death or serious physical injury.

8. Defendant, CITY OF CHICAGO, by and through its authorized agents, employees, including defendant MARTINEZ, owed plaintiff's decedent a duty to refrain from willful and wanton conduct during the performance of their duties as police4 officers, including the use of deadly force.

9. Defendant, City of Chicago, by and through its authorized agents, employees, including defendant MARTINEZ, was guilty of one or more of the following willful and wanton acts and/or omissions:

   a. With an utter indifference and conscious disregard for the safety of plaintiff's decedent, intentionally discharged a

deadly weapon at plaintiff's decedent.

b.  With an utter indifference and conscious disregard for safety of plaintiff's decedent, violated applicable policies for using deadly force;

c.  With an utter indifference and conscious disregard for safety of plaintiff's decedent, used an unreasonable amount of force in relationship to the threat of force;

d.  With an utter indifference and conscious disregard for the safety of plaintiff's decedent, resorted to the use of a firearm before using any and all other reasonable means of apprehending plaintiff's decedent.

e.  With an utter indifference and conscious disregard for the safety of plaintiff's decedent, recklessly used deadly force against plaintiff's decedent, under circumstances where he posed no immediate or significant threat to any person.

f.  With an utter indifference and conscious disregard for the life and safety of plaintiff's decedent, disregarded established applicable procedures and policies by employing the use of deadly force when plaintiff's decedent was not engaged in the commission of a forcible felony, was not attempting to engage in the commission of a forceible felong and was not engaging in conduct which would justify the use of deadly force.

10. As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of defendants, plaintiff's decedent suffered injuries that directly led to his death.

## COUNT I
## WRONGFUL DEATH - NEGLIGENCE

11. Plaintiff restates and incorporates paragraphs 1-10 as if fully set forth herein.

12. Defendants had a duty to exercise reasonable care under the circumstances to protect the safety of plaintiff's decedent.

13. Notwithstanding his duty to exercise reasonable care under the circumstances to protect the safety of plaintiff's decedent, defendant MARTINEZ negligently, carelessly, and improperly used deadly force against plaintiff's decedent

14. As a direct and proximate result of one or both of the aforementioned acts or omissions of defendants, plaintiff's decedent suffered injury that resulted in his death. As a result, the next of kin of plaintiff's decedent have suffered great losses of a personal and pecuniary nature, subjecting defendants to liability under Illinois' Wrongful Death Act, 740 ILCS 180/1, et. seq.

WHEREFORE, it is respectfully requested that judgment be entered in favor of Plaintiff, ROMEO RIVERA, as Special Administrator of the Estate of Miguel Angel Rivera Alfaro, deceased, on behalf of the next of kin for losses under the terms of the Wrongful Death Act, which substantially exceeed thirty thousand dollars.

- 5 -

## COUNT II
## WRONGFUL DEATH — WILLFUL AND WANTON CONDUCT

15. Plaintiff restates and incorporates paragraphs 1-9 as if fully set forth herein.

16. Defendant MARTINEZ, intentionally and willfully fired shots(s) at plaintiff's decedent.

17. At no time on the evening of November 2 2008 did plaintiff's decedent pose any threat to MARTINEZ, or to any other person or officer that would have justified shooting plaintiff's decedent.

18. Defendant MARTINEZ officer was not justified in firing any shots at plaintiff's decedent.

19. As a direct and proximate result of one or more of the aforementioned acts or omissions of the defendants, plaintiff's decedent suffered serious injuries which resulted in his death. As a result, the next of kin of plaintiff's decedent have suffered great losses of a personal and pecuniary nature, including but not limited to the loss of companionship and society of the plaintiff's decedent, subject defendants to liability under Illinois' Wrongful Death Act.

WHEREFORE, it is respectfully requested that judgment be entered in favor of Plaintiff, ROMEO RIVERA, as Special Administrator of the Estate of Miguel Angel Rivera Alfaro, deceased, on behalf of the next of kin for losses under the terms of the Wrongful Death Act, which substantially exceeed thirty thousand dollars.

- 6 -

## COUNT III
## CLAIM UNDER 42 U.S.C. §1983

20. Plaintiff restates and incorporates paragraphs 1, 3, and 5,6, and 7 as if fully set forth herein.

21. This claim arises under 42 U.S.C. §1983.

22. At the time he shot plaintiff's decedent, defendant MARTINEZ was acting under color of his office as a Chicago Police Officer.

23. MARTINEZ caused plaintiff's decedent to be deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States by using excessive and unreasonable force and causing the death of plaintiff's decedent.

WHEREFORE, it is respectfully requested that judgment be entered in favor of Plaintiff, ROMEO RIVERA, as Special Administrator of the Estate of Miguel Angel Rivera Alfaro, deceased, on behalf of the next of kin for losses under the terms of the Wrongful Death Act, which substantially exceeed thirty thousand dollars.

_____
KENNETH N. FLAXMAN, #00339
CECILE SINGER
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*

# SWORN DECLARATION PURSUANT TO SUPREME COURT RULE 222

The undersigned, attorney for plaintiff, certifies under penalties of perjury provided by law pursuant to Section 1-109 of the Code of Civil Procedures that the total amount of money damages sought in this case is in excess of $50,000.

Dated this 30th day of August, 2009.

_____
KENNETH N. FLAXMAN, #00339
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604

(312) 427-3200

*attorney for plaintiff*