JWE 4/22/9
224 DIS~~missed~~
Assign to: Scheider
(1/24/06) C
CPD

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ROMEO RIVERA, as Special Administrator

Plaintiff(s)

v.

No. 2009 L 003962

CITY OF CHICAGO

Defendant(s)

and

PLEASE SERVE: 121 N Lasalle St
City Clerk, ~~118 N Clark St.~~, Chicago, IL 60604

Respondent in Discovery

### SUMMONS FOR DISCOVERY

To Respondent in Discovery

YOU ARE HEREBY NOTIFIED that on _April 3_, _2009_, a petition, a copy of which is attached, was filed in the above court seeking an order of discovery. Pursuant to law, a hearing will be held to determine whether such an order shall be entered in this case. If you wish to contest the entry of such order, you must appear at this hearing on _Thursday, May 21_, 200_9_ at _9:30 a_ m in Room _2201_ Daley Center.

### TO THE OFFICER/SPECIAL PROCESS SERVER:

Unless a shorter period is fixed by the court, the summons shall be served at least 14 days before the date of hearing, in the manner provided for service of summons in other civil cases. If service cannot with due diligence be made upon the respondent, the court may by order provide for service by publication or otherwise.

Date of service _____, _____
(To be inserted by officer on copy left with Respondent or other person)

Atty. No.: 00339
Name: Kenneth N. Flaxman
Atty. for: Petitioner
Address: 200 S Michigan Ave., Ste 1240
City/State/Zip: Chicago, IL 60604
Telephone: (312) 427-3200

Dated: APR 0 8 2009 _____, __

Witness: _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ROMEO RIVERA, as Special Administrator

Plaintiff(s)

v.                                                      No. 2009 L 003962

CITY OF CHICAGO

Defendant(s)

and

PLEASE SERVE: 121 N Lasalle St
City Clerk, ~~118 N Clark St.~~, Chicago, IL 60604

Respondent in Discovery

### SUMMONS FOR DISCOVERY

To Respondent in Discovery

YOU ARE HEREBY NOTIFIED that on __April 3__, __2009__, a petition, a copy of which is attached, was filed in the above court seeking an order of discovery. Pursuant to law, a hearing will be held to determine whether such an order shall be entered in this case. If you wish to contest the entry of such order, you must appear at this hearing on __Thursday, May 21__, 200__9__ at __9__:__30__ __a__ m in Room __2201__ Daley Center.

TO THE OFFICER/SPECIAL PROCESS SERVER:

Unless a shorter period is fixed by the court, the summons shall be served at least 14 days before the date of hearing, in the manner provided for service of summons in other civil cases. If service cannot with due diligence be made upon the respondent, the court may by order provide for service by publication or otherwise.

Date of service _____, _____          Dated: APR 08 2009
(To be inserted by officer on copy left with Respondent or other person)
  Atty. No.: 00339
  Name: Kenneth N. Flaxman
  Atty. for: Petitioner                                  Witness: _____
  Address: 200 S Michigan Ave., Ste 1240
  City/State/Zip: Chicago, IL 60604
  Telephone: (312) 427-3200

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROMEO RIVERA, as Special Administrator Of the Estate of MIGUEL ALFARO, deceased,   *Petitioner*,   -vs-   CITY OF CHICAGO   *Respondent*. | ) ) ) ) ) ) ) ) ) ) ) ) |

# RULE 224 PETITION FOR DISCOVERY

Pursuant to Illinois Supreme Court Rule 224, petitioner Romeo Rivera, by counsel, requests an order of discovery compelling respondent City of Chicago to disclose the information specified below.

Petitioner seeks to determine the identity of the police officer or officers responsible or involved in the fatal shooting of Miguel Alfaro in the vicinity of 5127 N. Bernard at approximately 1:33 A.M. on November 2, 2008. This information is readily available to the City of Chicago who has access to the police reports pertaining to the shooting.

It is therefore respectfully requested that the Court order that petitioner may obtain the requested discovery.

KENNETH N. FLAXMAN, #00339
200 South Michigan Avenue, #1240
Chicago, Illinois 60604-2430
(312) 427-3200 (phone)
*Attorney for Petitioner*

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROMEO RIVERA, as Special Administrator Of the Estate of MIGUEL ALFARO, deceased, | ) ) ) ) |
| *Petitioner,* | ) ) |
| -vs- | ) ) |
| CITY OF CHICAGO | ) ) |
| *Respondent.* | ) |

## RULE 224 PETITION FOR DISCOVERY

Pursuant to Illinois Supreme Court Rule 224, petitioner Romeo Rivera, by counsel, requests an order of discovery compelling respondent City of Chicago to disclose the information specified below.

Petitioner seeks to determine the identity of the police officer or officers responsible or involved in the fatal shooting of Miguel Alfaro in the vicinity of 5127 N. Bernard at approximately 1:33 A.M. on November 2, 2008. This information is readily available to the City of Chicago who has access to the police reports pertaining to the shooting.

It is therefore respectfully requested that the Court order that petitioner may obtain the requested discovery.

_____
KENNETH N. FLAXMAN, #00339
200 South Michigan Avenue, #1240
Chicago, Illinois 60604-2430
(312) 427-3200 (phone)
*Attorney for Petitioner*

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROMEO RIVERA, as Special Administrator of the Estate of MIGUEL ALFARO, deceased, ) ) ) ) | |
| Petitioner, ) | No. 09 L 003962 |
| v. ) ) | |
| CITY OF CHICAGO, ) ) | |
| Respondent. ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Illinois Supreme Court Rule 201(c)(1), the parties to this action, by and through their respective counsel, have represented to the Court and the Court finds:

A. The parties anticipate the need for discovery involving citizen complaints, training records, police reports, witness statements and photos taken during the course of a police investigation; and

B. The parties recognize that the scope of the discovery referenced herein at paragraph A will encompass the production of documents and/or oral testimony which may contain highly sensitive and confidential personal, employment, disciplinary, investigatory, witness and medical information of a non-public nature, (hereinafter referred to as "Confidential Matter"), that may be subject to discovery in this action, but which should not be generally available to the public.

Accordingly, the Court finds good cause for entry of this Protective Order.

IT IS ORDERED THAT:

1. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including, but

not limited to, designated interrogatory answers, designated requests to admit and responses thereto, documents produced by any party or non-party in this action whether pursuant to Illinois Supreme Court Rule 214, subpoena, or by agreement, deposition transcripts and exhibits and any portion of any court papers which quote from or summarize any of the foregoing.

2.  The word "party" or "parties" as used in this order means the parties to this action, their attorneys, and the attorney's confidential staff.

3.  The word "counsel" as used in this order means the attorney or attorneys appearing for any party to this action; other attorneys of the firm or office with which those attorneys are associated; confidential employees of such attorneys (such as secretaries and paralegals); and independent contractors, such as investigators and other counsel retained by counsel in connection with preparation for and trial of this litigation, but not including testifying or consulting experts.

4.  As used in this order, the term "discovering party" means the party obtaining any document or documents as described in paragraph 1; the term "responding party" or "producing party" means the party producing any document or documents as described in paragraph 1.

5.  This order does not restrict the collection or dissemination of materials disclosed by a party in other litigation where that material was not subject to a protective order (or is subject to a less restrictive protective order) or to an agreement of the parties restricting its dissemination, or to materials acquired by a party independently of discovery in. litigation. Where, however, a party discloses such materials claimed to have been obtained independently of the discovery in this case, and those materials are duplicates of materials produced in the discovery in this case, the party making disclosure shall, upon demand by the producing party,

specify the claimed independent source of the material.

6. With respect to Confidential Matter that has been requested through subpoena, the City shall identify such matter as being "Confidential Matter." Each document designated as Confidential Matter Shall bear the following designation:

SUBJECT TO PROTECTIVE ORDER IN CASE 09 L 003962

No document containing the "Confidential" stamp or any identifying number shall be copied in whole or in part without the Confidential designation and the identifying number appearing on the copy.

7. All documents designated as Confidential Matter may be examined, and otherwise used solely by counsel to this action, only for the purposes of this litigation, and for no other purposes. Counsel to this action shall not disclose documents designated as Confidential Matter except to the following persons:

    a. counsel for the parties to this litigation

    b. experts retained to furnish technical or expert services for this litigation or give testimony in connection with this litigation and/or other litigation as provided for an paragraph 5, including independent experts hired specifically for this litigation, employees of parties herein designated by said parties as experts hired for this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation, to the extent deemed necessary by counsel;

    c. This Court and court personnel and any other Courts and their personnel, under seal as necessary in support of motions, pleadings and other court papers and proceedings; provided that Confidential Matter may be disclosed at any evidentiary hearing as long as the party who produced the Confidential Matter in the first instance has sufficient notice of its disclosure to enable that patty to seek protection from the court of the Confidential Matter;

    d. Parties shall obtain written leave of court, with notice to the parties and the

City, prior to disclosing records subject to this order to any persons not identified in this paragraph.

8. Before disclosing Confidential Matter to any persons enumerated in paragraph 7(a) through (d) above, counsel in this action must first inform each such person that the documents containing Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a Court Order. In addition, the discovering party shall obtain from each person intending to review Confidential Matter under the authority granted in paragraph 7(a)-(d) an affidavit in the form affixed hereto as Exhibit "1" before the disclosure of any documents or information subject to this order. Copies of such signed affidavits and acknowledgments shall be immediately produced to counsel for the other parties. This responsibility is binding on and acknowledged by each attorney of record signing this Protective Order.

9. Upon the final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Matter shall continue to be binding on all attorneys of record, their employees, the parties herein, their employees, deposition witnesses, experts, consultants and others. Further, upon final termination of the above-entitled action, and upon a party's request, the original and all copies of all Confidential Matter, including those portions of deposition transcripts and the deposition exhibits containing Confidential Matter, shall be returned to the producing party's respective counsel within sixty (60) days.

10. By this Protective Order, the discovering party does not waive its right to make

application to the Court, with at least seven days notice to the responding party and other parties to the litigation, for a determination that any Confidential Matter produced by responding party does not contain sensitive and confidential information, or that in the circumstances the information should be released from the provisions of this Protective Order. If disputes arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve these disputes by agreement before asking the court to resolve these disputes pursuant to the applicable Rules of Civil Procedure. The parties agree that the standard relevant to this determination is that the defendant must show "good cause" why the material shall not be disclosed.

11. This Protective Order may be modified by further written stipulation signed by the undersigned attorneys and/or by further ordered this court upon application to the Court with notice.

12. Nothing in this Protective Order shall be deemed a waiver of the right to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

Assoc. Judge Elizabeth M. Budzinski
JUL -7 2009
Circuit Court - 1875

_____ Dated: 5/22/09
Kenneth N. Flaxman,
Attorney for Petitioner

ENTERED _____ Dated: 21 May 09
Margaret E. Schneider,
Assistant Corporation Counsel
Attorney for Respondent

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Rivera

v.  No. 09 L 3962

City of Chicago

### ORDER

This matter having come before the court and the court being fully apprised of the circumstances, IT IS Hereby Ordered:

1) Petitioner is given 21 days to file a Motion to Convert the respondent in discovery to a defendant.

2) Petition for discovery is continued until 31 August 2009 @ 9:45

Atty. No.: 00339

Name: Kenneth N. Flaxman, P.C. /BN

Atty. for: Petitioner

Address: 200 S. Michigan Ave., Suite 1240

City/State/Zip: Chicago IL 60604

Telephone: 312-907-5715

ENTERED:

Dated:

Assoc. Judge Elizabeth M. Budzinski
AUG 10 2009
Circuit Court - 1875

Judge                                Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                                           (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RIVERA

v.

CITY OF CHICAGO

No. 09 L 3962

### ORDER

This cause coming to be heard on status of Petitioner's Rule 224 petition for discovery,

IT IS HEREBY ORDERED

The matter is entered & continued to 10 August 2009 at 9:45a in Room 2201 for status. ~~[scribbled out]~~

Atty. No.: 90909

Name: Georgas/MES

Atty. for: Respondent

Address: 30 N LaSalle

City/State/Zip: Chgo 60602

Telephone: 7447150

Assoc. Judge Elizabeth M. Budzinski

ENTERED: JUL -7 2009
Circuit Court - 1875

Dated: _____

Judge                               Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order (2/24/05) CCG N002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Rivera ~~Schneider~~

v.   No. 09 7003962

City of Chicago

2009 JUN 12 AM 11:14

## ORDER

This Matter having come before the Court on Petitioner's Rule 224 Motion for Discovery, It is Hereby Ordered that:

1) The respondent shall produce discovery requested in Petitioner's Rule 224 Motion for Discovery by July 2, 2009

2) This matter is set for Status for July 7, 2009 at 9:45.

Atty. No.: 0339

Name: Kenneth N. Flaxman, P.C.

Atty. for: π

Address: 200 S. Michigan Ave, Suite 1240

City/State/Zip: Chicago IL 60604

Telephone: (312) 427-3200

ENTERED:

Dated:

Assoc. Judge Elizabeth M. Budzinski
JUN 11 2009
Circuit Court - 1875

Judge                  Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order (Rev. 9/13/04) CCG 0002

IN THE CIRCUIT COURT OF Cook COUNTY, ILLINOIS

Rivera

v.

City of Chicago

No. 09 L 003562

## ORDER

This matter having come before the Court on Petitioner's Rule 224 Motion for Discovery, It is Hereby Ordered that:

1) This matter is set for Status on Parties Agreed Protective order for June 11, 2009 at ~~9:30~~ 9:45.

Atty. No.: 60339
Name: Kenneth N. Flaxman P.C. /BN
Atty. for: π
Address: 200 S. Michigan Ave, Suite 1240
City/State/Zip: Chicago IL 60604
Telephone: (312) 427-3200

ENTERED:

Judge Robert Lopez Cepero
MAY 21 2009
Circuit Court - 1627

Judge                Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS